IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2001 DEC 14  P 3: 46

CLERK'S OFFICE
AT BALTIMORE

_____DEPUTY

| | |
|---|---|
| **OLD KENT MORTGAGE COMPANY** : | |
| : | |
| v. : | CIVIL NO. L-01-056 |
| : | |
| **APPROVED FEDERAL SAVINGS** : | |
| **BANK, et al.** : | |

## ORDER

The five following motions are currently outstanding:

(i) Defendant First Financial Title Agency of Virginia, Inc.'s Motion to Dismiss Counts III, V, VI and VII;

(ii) Defendant Approved Federal Savings Bank's Motion to Dismiss Count III;

(iii) Defendant Approved Federal Savings Bank's Motion for Permission to Interview James Smiles and Carol Hall;

(iv) Defendant Terrapin Title, LLC's Motion to Join Motion to Compel Arbitration; and

(v) Defendant Stewart Title Guaranty Company's Motion to Strike Section II of Support Memorandum by Old Kent Mortgage.

First Financial's Motion to Dismiss contends that Counts V, VI, and VII of Old Kent's Complaint do not satisfy the particularity requirements established by Rule 9 of the Federal Rules of Civil Procedure. The factual basis of these counts, however, is set forth with sufficient particularity in Paragraphs 73-81 of Old Kent Mortgage's Complaint.

First Financial also argues that Count III (RICO) should be dismissed. First Financial's arguments, however, rest on questions of disputed fact. Additionally, because this case will proceed to discovery on other Counts that share the same underlying facts as Count III, it would

not conserve time or effort for the Court to rule on Defendant's Motion at this time. Accordingly, First Financial's Motion to Dismiss is DENIED without prejudice.

For the same reasons, Approved Federal's Motion to Dismiss Count III is DENIED without prejudice.

On September 17, 2001, the Court ruled on Defendants' Motion to Compel Arbitration. Accordingly, Terrapin Title's Motion to Join is GRANTED to the extent allowed in the Court's September 17, 2001 Order.

Likewise, Stewart Title's Motion to Strike is DENIED as moot.

Approved Federal's Motion for Permission to Interview asks the Court to compel Smiles and Hall to make themselves available for interviews without the presence of their lawyers. Maryland Rule of Professional Conduct 4.2 prohibits lawyers from communicating with a non-party about a subject matter upon which they have retained legal representation, absent the consent of the opposing lawyer or the authorization of law. Smiles and Hall have both submitted affidavits stating that they have retained legal counsel to represent them in this matter. Accordingly, Approved Federal's Motion for Permission to Interview is DENIED. Approved Federal may, however, depose both Smiles and Hall.

A status conference has been scheduled for December 19, 2001 at 10:00 a.m. The schedule for the depositions of Smiles and Hall will be set at that time.

It is so ORDERED this _13th_ day of December, 2001.

_____
Benson Everett Legg
United States District Judge